IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| AGNES DOYLE,<br><br>    Plaintiff,<br><br>vs.<br><br>FIRST FEDERAL CREDIT UNION,<br><br>    Defendant. | No. C06-0049<br><br>ORDER COMPELLING DISCOVERY |

This matter comes before the Court on the Motion to Compel Discovery (docket number 12) filed by the Defendant on April 3, 2007, and the Resistance (docket number 13) filed by the Plaintiff on April 16, 2007. Pursuant to Local Rule 7.1(c), the Motion is deemed submitted without oral argument.

In its Motion, Defendant First Federal Credit Union ("First Federal") complains that the Plaintiff's responses to Interrogatories 1, 5, and 11, and Requests for Production Numbers 1, 6, 9, and 12, are inadequate. The Court will address each of the discovery requests in order:

**Interrogatory Number 1.** On October 19, 2006, First Federal propounded nineteen interrogatories to be answered by Plaintiff Agnes Doyle ("Doyle"), including Interrogatory Number 1:

> Identify all persons known to you (per Definitions "I" and "K") who have knowledge of the facts and issues alleged in your Petition, including but not limited to all persons thought to have witnessed any alleged discrimination, and the 19 persons listed in your Initial Disclosures. Along with identifying information for each person, also state (a) the sum and substance of his/her knowledge; (b) the source of his/her knowledge; and (c) identify any documents, (per Definitions

1

> "J" and "H") and any written statements that have been made,
> that support his/her knowledge or testimony.

*See* docket number 12-1, Exhibit D.

On October 23, 2006, Doyle filed an objection, claiming in part as follows:

> Plaintiff objects to Interrogatory No. 1 which requests the substance of testimony, as such calls for disclosure of attorney work-product.

*See* docket number 12-1, Exhibit A.

On January 24, 2007, however, Doyle served answers to First Federal's interrogatories and identified thirty-six persons who "may have knowledge of the facts and issues in this case." *See* docket number 12-1, Exhibit D. On March 12, 2007, Doyle supplemented her answer to Interrogatory No. 1 by providing the addresses of three of the thirty-six persons previously listed. *See* docket number 12-1, Exhibit J.

First Federal argues that Doyle's bare disclosure of persons who may have knowledge is not responsive to Interrogatory Number 1 and fails to comply with FED. R. CIV. P. 26(a)(1)(A). That rule provides that a party must, without awaiting a discovery request, provide to other parties:

> [T]he name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.

According to the Advisory Committee Notes, "[a] major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information, and the rule should be applied in a manner to achieve those objectives." FED. R. CIV. P. 26(a)(1)(A) advisory committee's note. In addition to the name and, if known, the address and telephone number of each individual listed, the party must identify the "subjects" of the information. "Indicating briefly the general topics on which such persons have information should not be burdensome, and will assist other parties in deciding which depositions will actually be needed." *Id.*

Accordingly, both parties have an obligation pursuant to Rule 26(a)(1)(A) to disclose the names of individuals likely to have discoverable information and identify the subjects of the information. Also, the parties are required to disclose the address and telephone number of each individual listed, if known.

In Interrogatory Number 1, First Federal seeks additional information, including (a) the "sum and substance" of the person's knowledge, (b) the "source" of the person's knowledge, and (c) any documents or written statements "that support [the witness's] knowledge or testimony." In her objection, Doyle argues that to the extent the Interrogatory requests the substance of testimony, it calls for disclosure of attorney work-product. In her resistance to the instant Motion, Doyle further asserts that she "has provided all of the contact information she possesses." She further argues that First Federal's attorney questioned Doyle in her deposition about the information possessed by each person and "[s]imply put, Plaintiff has provided all of the information which she possesses. There is nothing left to provide."

Generally, the work-product doctrine applies to documents and tangible things. FED. R. CIV. P. 26(b)(3). In this case, Doyle does not seek to protect any documents prepared in anticipation of litigation and, in fact, claims that no documents exist. The Court concludes that merely identifying the subject of a potential witness's knowledge does not require disclosure of an attorney's work product. *Hickman v. Taylor*, 329 U.S. 495 (1947). *See also* 8 Wright and Miller, *Federal Practice and Procedure* § 2024, at 336.

Doyle does not argue that the scope of the Interrogatory is overly broad or unduly burdensome (nor does she cite a single case in resistance to the Motion to Compel). Some courts have concluded, however, that an interrogatory which asks the plaintiff to list "witnesses" together with the "substance of their testimony," is unduly burdensome. *See, e.g., IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 323 (D. Kan. 1998) and *Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) (Interrogatories may ask for the

3

material or principal facts that support a party's contentions, but should not require "details of testimony of supporting witnesses.").

The Court concludes that Doyle is required to provide the address and telephone number of each individual listed in her response to Interrogatory Number 1, if they are known by her. If she does not know the address and telephone number of those individuals, then she is required to supplement her answer to Interrogatory Number 1 and state, under oath, that she has no such knowledge. In addition, Doyle is required to identify the subjects of the information possessed by each of the identified persons. The response must be made under oath in a supplemental response to First Federal's Interrogatories. If a party fails to provide discovery required by the Rules or court order, then the party may be subject to appropriate sanctions pursuant to FED. R. CIV. P. 37, including an order prohibiting a witness from testifying at the time of trial. The Court further concludes, however, that Doyle is not required to set forth the "sum and substance of [the witness's] knowledge," nor is she required to identify "the source of [the witness's] knowledge."

**Interrogatory Number 5.** The interrogatories submitted by First Federal on October 19, 2006, included Interrogatory Number 5:

> Identify any oral or written statements that you have obtained concerning this action or its subject matter, as described in Fed. R. Civ. P. 26(b)(3), including (a) the identity of the person (per Definitions "I" and "K") making the statement; (b) when and where the statement was made or obtained; (c) the identity of the person (per Definitions "I" and "K") who obtained the statement; (d) whether the statement is oral, written, or both; (e) the sum and substance of the statement; and (f) who has custody, possession or control over the statement, if written.

*See* docket number 12-1, Exhibit D.

On October 23, 2006, Doyle filed an objection to part (e) of Interrogatory Number 5, claiming that it is "calling for attorney work product." *See* docket number 12-1, Exhibit A. On January 24, 2007, Doyle answered Interrogatory Number 5 as follows:

> Without waiving objection, a legal assistant from the Tom Riley Law Firm spoke on the telephone with Kim Christiansen, but the conversation was not recorded, thus it does not constitute a "statement" as described by FRCP 26(b)(3). Plaintiff objects to providing the details of the conversation, as such constitutes attorney work product and materials generated in anticipation of litigation.

*See* docket number 12-1, Exhibit D.

The answer provided by Doyle is responsive to the Interrogatory, except that portion which requests that Doyle disclose "the sum and substance of the statement." As set forth above, Doyle argues that the "details of the conversation" constitute attorney work product generated in anticipation of litigation.

The record is imprecise regarding the existence of documents pertaining to the telephone conversation between Kim Christiansen and a legal assistant from the law firm representing Doyle. Doyle's response to the interrogatory indicates that the conversation was "not recorded." In her Brief filed in resistance to the instant Motion, Doyle suggests that "[t]here was no attempt to give a word-for-word account of the conversation; just the usual notations one might jot down during a telephone conversation." Doyle notes in her resistance that First Federal has taken Kim Christiansen's deposition and there was no indication that she reviewed any notes or other materials prior to her testimony. Doyle also notes that First Federal questioned Christiansen in her deposition regarding the telephone conversation.

The Court concludes that the notes taken by the legal assistant, if any, constitute attorney work product and are generally not discoverable, absent "a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent

5

of the materials by other means." FED. R. CIV. P. 26(b)(3). *See also* 8 Wright and Miller, *Federal Practice and Procedure* § 2025, at 370. Unless Doyle intends to impeach Christiansen's testimony with the testimony of the legal assistant, the Court concludes that First Federal has failed to prove its entitlement to the notes. In addition, since First Federal has now taken the deposition of Kim Christiansen, the Court concludes that Doyle is not required to disclose the "sum and substance" of the conversation, unless Doyle claims that it was substantively different than Christianson's deposition testimony.

**Interrogatory Number 11.** First Federal requests in Interrogatory Number 11 that Doyle itemize each category and type of damages which she is seeking in this case, together with the dollar amount sought. In her resistance, Doyle concedes that First Federal is entitled to a response and indicates that she "will provide a response within a reasonable amount of time established by the Court." The Court concludes that Doyle should be given ten days in which to supplement her response to Interrogatory Number 11.

**Request for Production of Documents Number 1.** On October 19, 2006, First Federal served twelve Requests for Production of Documents, including Request Number 1:

> True and complete copies of any and all documents and things within your possession or control that relate to your employment at First Federal, including but not limited to audio tapes, voice mail recordings, diaries, letters, memos, notes, e-mails, and any other correspondence or documentation regarding performance standards and/or goals for your assigned work, your performance evaluations and/or work results, discipline, complaints, problems, supervisors, co-worker comparisons, and your attendance.

*See* docket number 12-1, Exhibit C.

On October 23, 2006, Doyle objected to Request Number 1 "to the extent that it calls for attorney-client privileged communications or materials generated in anticipation of litigation." *See* docket number 12-1, Exhibit A. On January 31, 2007, Doyle served

6

a response to Request for Production, indicating that with respect to Request Number 1, "Plaintiff does not possess any such documents." *See* docket number 12-1, Exhibit C.

In its brief in support of the instant Motion to Compel Discovery, First Federal finds it "difficult to believe" that Doyle has no documents which would fall within Request for Production Number 1. In her resistance, Doyle claims that she "has provided everything she has." Doyle does not claim that she is withholding documents based on attorney-client privilege or any claim of "materials generated in anticipation of litigation." Rather, she claims that "[s]imply put, there is nothing left to provide."

The Court concludes that Doyle is not required to provide that which she does not have. The Court must assume that Doyle's responses to the Request for Production of Documents are truthful and made in good faith. If it is discovered that Doyle has not responded truthfully to the Request for Production of Documents, then there are a variety of sanctions and penalties which may be applicable.

**Request for Production of Documents Number 6.** Request for Production Number 6 provides as follows:

> True and complete copies of all documents or things identified in, or used to assist, your responses to any Interrogatories served on you by First Federal.

*See* docket number 12-1, Exhibit C.

In a response served on January 31, 2007, Doyle indicates that "[a]ll such items have been produced, with the exception of attorney notes." *See* docket number 12-1, Exhibit C. First Federal argues that the response fails to comply with FED. R. CIV. P. 26(b)(5) and Doyle is required to identify the documents by use of a "privilege log."

Federal Rule of Civil Procedure 26(b)(5)(A) provides as follows:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial-preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself

7

privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

While Doyle's response to the Request for Production, Resistance to the Motion to Compel, and supporting Brief, are all imprecise in this regard, it would appear that she is claiming that attorney notes were used to assist in filing responses to the interrogatories, but they are protected as trial-preparation material. Under these circumstances, Rule 26(b)(5)(A) requires Doyle to describe the "nature" of the documents in a manner which will enable First Federal to "assess the applicability of the privilege or protection." This disclosure is commonly referred to as production of a "privilege log."

While it appears unlikely that the attorney notes will be discoverable, the Court nonetheless concludes that Doyle is required to comply with the requirements of Rule 26(b)(5)(A). Accordingly, the Plaintiff is required to supplement her response to the Request for Production by identifying the individual "attorney notes" used to respond to the interrogatories, including when they were prepared, by whom they were prepared, and the nature of the document. The Plaintiff is not required to disclose the information contained on the document.

**Request for Production of Documents Number 9.** Request for Production Number 9 provides as follows:

> Any and all documents that support, confirm, verify, substantiate, deny, or in any way relate to your claims, including but not limited to any documents identified in your Rule 26 Initial Disclosures (to the extent such have not already been produced).

*See* docket number 12-1, Exhibit C. In her response, Doyle directed First Federal to "[s]ee Response to Request No. 6." *See* docket number 12-1, Exhibit C.

The discussion relating to Request for Production Number 6 is applicable here. Doyle is required to produce all documents which are responsive to Request for Production Number 9, unless she claims that they are privileged or subject to protection as trial-preparation material. In that event, Doyle is required to describe the nature of the

8

documents in a manner and with sufficient specificity to enable First Federal to assess the applicability of the privilege or protection. *See* FED. R. CIV. P. 26(b)(5)(A).

**Request for Production of Documents Number 12.** Request for Production Number 12 provides as follows:

> Any and all written statements, from any person, concerning this action or its subject matter that you, or any of your representatives or agents, have obtained.

*See* docket number 12-1, Exhibit C. Initially, Doyle objected to Request Number 12 "as calling for attorney work product." *See* docket number 12-1, Exhibit A. In her response to Request for Production served on January 31, 2007, Doyle simply directs First Federal to "[s]ee previous objection." *See* docket number 12-1, Exhibit C.

While Doyle's response is imprecise, the Court assumes that the reference to the "previous objection" is a reference to the objections served on October 23, 2006. That is, Doyle is apparently asserting an attorney work-product claim. The Court concludes that such a claim is subject to the requirements of Rule 26(b)(5)(A), as set forth above.

### ORDER

IT IS THEREFORE ORDERED that the Motion to Compel Discovery (docket number 12) filed by the Defendant is hereby **GRANTED** in part and **OVERRULED** in part, as follows:

1. Within fifteen (15) days following the entry of this Order, Doyle must supplement her answer to Interrogatory Number 1 by providing the address and telephone number of each individual listed in her response to Interrogatory Number 1, if that information is known by her, or she must state under oath that she has no such knowledge. In addition, Doyle must identify the subjects of the information possessed by each of the identified persons, but is not required to set forth the "sum and substance" of the witness's knowledge, nor is she required to identify the "source" of the witness's knowledge.

2. First Federal's request for a further response regarding the conversation between Kim Christiansen and a legal assistant with the Riley Law Firm is denied.

9

3. Within fifteen (15) days following the entry of this Order, Doyle shall supplement her answer to Interrogatory Number 11, providing the requested information.

4. Assuming the truth of Doyle's responses to the Requests for Production of Documents, no further response is required to Request for Production of Documents Number 1.

5. Within fifteen (15) days following the entry of this Order, Doyle shall provide First Federal with a "privilege log" regarding those documents which would otherwise be responsive to Request for Production of Documents Number 6, pursuant to FED. R. CIV. P. 26(b)(5)(A).

6. Within fifteen (15) days following the entry of this Order, Doyle shall provide First Federal with a "privilege log" regarding those documents which would otherwise be responsive to Request for Production of Documents Number 9, pursuant to FED. R. CIV. P. 26(b)(5)(A).

7. Within fifteen (15) days following the entry of this Order, Doyle shall provide First Federal with a "privilege log" regarding those documents which would otherwise be responsive to Request for Production of Documents Number 12, pursuant to FED. R. CIV. P. 26(b)(5)(A).

If the Plaintiff fails to comply with the Court's Order compelling discovery, then she is subject to appropriate sanctions upon further application by the Defendant.

DATED this 25th day of April, 2007.

JON STUART SCOLES
Magistrate Judge
UNITED STATES DISTRICT COURT

10
Case 1:06-cv-00049-LRR   Document 14   Filed 04/25/07   Page 10 of 10