# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| AGNES DOYLE,<br><br>            Plaintiff,<br><br>vs.<br><br>FIRST FEDERAL CREDIT UNION,<br><br>            Defendant. | No. 06-CV-49-LRR<br><br>**ORDER** |

## *I. INTRODUCTION*

The matter before the court is Defendant First Federal Credit Union's Motion for Summary Judgment ("Motion") (docket no. 15).

## *II. PRIOR PROCEEDINGS*

On April 4, 2006, Plaintiff Agnes Doyle filed a Petition at Law ("Petition") against Defendant in the Iowa District Court in and for Linn County. The Petition, which did not contain any formal counts, alleged "discrimination based on age, in violation of Iowa and federal law." As construed by the parties in subsequent pleadings, the Petition alleges violations of Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Iowa Civil Rights Act of 1965 ("ICRA"), Iowa Code ch. 216.

On April 10, 2006, Defendant removed the Petition to this court, pursuant to 28 U.S.C. § 1441. In its notice of removal, Defendant stated that Plaintiff's "claim evokes a federal question" and asserted that the court had subject-matter jurisdiction over Plaintiff's ADEA claim, pursuant to 28 U.S.C. § 1331. It appears that Defendant implicitly invoked this court's supplemental jurisdiction over Defendant's ICRA claim, pursuant to 28 U.S.C. § 1367(a).

On May 1, 2007, Defendant filed the Motion. On May 25, 2007, Plaintiff filed a resistance. On June 11, 2007, Defendant filed a reply.

### III. JURISDICTION

#### A. *Federal Question Jurisdiction*

A brief glance at the pleadings shows that the court does not have federal question jurisdiction over the Petition. The ADEA prohibits an "employer" from discriminating on the basis of age. 29 U.S.C. § 623(a). The ADEA defines "employer" as including a corporation that is "engaged in an industry affecting commerce [which] has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year." *Id.* § 630(b). "The current year is the year in which the alleged violation occurred . . . ." *Rogers v. Sugar Tree Prods., Inc.*, 7 F.3d 577, 580 (7th Cir. 1993), *abrogated on other grounds by Papa v. Katy Indus., Inc.*, 166 F.3d 937, 939-40 (7th Cir. 1999); *cf. Walters v. Metro. Educ. Enters., Inc.*, 519 U.S. 202, 205 (1997) (discussing similar "calendar year" provision in Title VII and reaching same result).

In this case, the "current year" is 2005, because Defendant alleges that Plaintiff wrongfully terminated her on August 25, 2005. The parties agree that Defendant "did not employ twenty or more employees on each working day for twenty or more calendar weeks in 2005 or 2004." Def.'s Statement of Undisputed Facts in Support of Summary Judgment (docket no. 15-3), at ¶ 6; *see* Pl.'s Response to Def.'s Statement of Undisputed Facts (docket no. 16-2), at ¶ 6 ("Admit."). Therefore, Defendant is not an "employer" within the ambit of the ADEA and is entitled to a judgment as a matter of law. 29 U.S.C. §§ 623(a), 630(b); Fed. R. Civ. P. 56.

Accordingly, insofar as the Petition purports to allege an ADEA claim, it must be dismissed with prejudice. In this respect, the court shall grant the Motion in part.

#### B. *Supplemental Jurisdiction*

In pertinent part, 28 U.S.C. § 1367(c)(3) provides:

> The district courts may decline to exercise supplemental jurisdiction over [a state law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction.

2

28 U.S.C. § 1367(c)(3). The plain language of the statute grants the court discretion to retain jurisdiction over a pendent state law claim once all federal claims are dismissed. *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1244 (2006). However, the Supreme Court has remarked that, "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (affirming district court's decision to remand case where federal claim was involuntarily dismissed on defendant's motion for summary judgment); *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004) (same).

The court recognizes that trial is approximately two months away and one or both of the parties may very well prefer that the court decide the merits of Plaintiff's ICRA claim. Nonetheless, the court respectfully declines to do so. As recently stated by the Supreme Court, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh*, 126 S. Ct. at 1244. The court finds that the circumstances do not warrant the exercise of jurisdiction in this case.

The court has not expended substantial time or resources on the case—indeed, there are presently only nineteen docket entries on file. This weighs in favor of dismissing Plaintiff's ICRA claim without prejudice. *See Pioneer Hi-Bred Int'l v. Holden Found. Seeds, Inc.,* 35 F.3d 1226, 1242 (8th Cir. 1994) ("It is the law in this circuit that the substantial investment of judicial time and resources in the case . . . justifies the exercise of jurisdiction over the state claim, even after the federal claim has been dismissed." (Internal quotation marks omitted.)); *cf. Iowa Protection & Advocacy Servs., Inc. v. Tanager Place*, 404 F. Supp. 2d 1120, 1123-24 (N.D. Iowa 2005) (retaining jurisdiction over pendent state law claim because court had ruled on two motions for summary

judgment, presided over a bench trial on a complaint that arose out of the same set of facts and trial on the state law claim was only three months away).  The court also finds that judicial economy, convenience, fairness and comity do not warrant retention of Plaintiff's ICRA claim.  *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (urging district courts to consider such factors).   Further, the effort the parties have expended in discovery will not be wasted when this case returns to state court.

Accordingly, the court shall dismiss the remainder of the Petition without prejudice and remand this case to the Iowa District Court in and for Linn County.  *See Cohill*, 484 U.S. at 357 (stating that "a district court has discretion to remand to state a court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate").

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED:**

(1) The Motion (docket no. 15) is **GRANTED IN PART**;

(2) Plaintiff's Petition, insofar as it alleges an ADEA claim, is **DISMISSED WITH PREJUDICE**;

(3) The remainder of the Petition is **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to the Iowa District Court in and for Linn County; and

(4) The Clerk of Court is directed to **CLOSE THIS CASE** and provide a certified copy of this Order to the Clerk of Court for the Iowa District Court in and for Linn County.

**DATED** this 19th day of July, 2007.

*[Signature]*
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

5